FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Jan 25 2024

KEVIN P. WEIMER, Clerk

By: s/Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION FILE NO. |
| JOSE RIVERA, | 4:23-CR-00005-WMR-WEJ |
| Defendant. | |

## NON-FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendant Jose Rivera's Motion to Dismiss Indictment Under the Second Amendment [58]. Mr. Rivera argues that the federal felon-in-possession statute (18 U.S.C. § 922(g)(1)), and the federal statute outlawing the knowing possession of a stolen firearm (id. § 922(j)), violate the Second Amendment to the United States Constitution. For the reasons discussed below, the undersigned recommends that this Motion be **DENIED**.

### I.    BACKGROUND

The Court conducted an evidentiary hearing on Mr. Rivera's motions to suppress evidence and statements [30], which was transcribed [35]. At that hearing the Government's testimony showed that the Defendant stole a firearm from a store

in Cartersville, Georgia on November 17, 2022. (Non-Final R. & R. [52] 7.)[1] A few hours later, he discharged that firearm into a Circle K gas station, and then shot at Cartersville Police Sergeant Kevin Logue when he arrived on the scene. (Id. at 2.) Sergeant Logue returned fire, wounding the Defendant, who was then arrested. (Id. at 2-3.) The Government shows that, before the instant offense conduct, Defendant had been convicted of felony Aggravated Assault on April 27, 2009, in Camden County, New Jersey. (See Indict. [1].)

The grand jury charged Mr. Rivera on February 8, 2023, with knowingly possessing a firearm having previously been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) (Indict. Count One), and knowingly possessing a stolen firearm in violation of 18 U.S.C. § 922(j) (id. Count Two).

## II. DISCUSSION

Mr. Rivera argues that in light of the Supreme Court's opinion in New York State Rifle & Pistol Association v. Bruen, 142 S. Ct. 2111 (2022), Sections 922(g)(1) and 922(j) are unconstitutional, both facially and as applied to him. Thus, he contends that both Counts of the Indictment should be dismissed as violative of the

---

[1] Photos from a consignment shop surveillance video show Mr. Rivera entering the store and leaving with a firearm behind his back. (Tr. 52-53; Gov't Ex. 8 [31-3].)

Second Amendment.[2]  (Def.'s Mot. [58] 5-11 (discussing Count One); id. at 11-12 (discussing Count Two).)  The Government disagrees.  (Gov't Opp'n [60].)  Mr. Rivera did not file a Reply Brief.

A. **Section 922(g)(1)**

Count One charges Mr. Rivera with violating Section 922(g)(1).[3]  To address defendant's argument, some background in recent Second Amendment jurisprudence is necessary.  In District of Columbia v. Heller, the Supreme Court held that the Second Amendment codifies a pre-existing individual right of the people to bear arms.  Dist. of Columbia v. Heller, 554 U.S. 570, 595 (2008).  Heller was a law enforcement officer in the District of Columbia who was allowed to carry a handgun while on duty.  Id. at 575.  However, Heller was not allowed to register a handgun to keep in his D.C. home because of D.C.'s strict ban on handguns.  Id.  The Supreme Court held that D.C.'s complete ban on handgun possession in the home by law-abiding citizens was an unconstitutional infringement of the Second

---

[2] The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

[3] As relevant here, Section 922(g)(1) makes it unlawful for any person who has been convicted in any court of a crime punishable for a term exceeding one year to possess in or affecting commerce, any firearm.

Amendment that would not survive any level of scrutiny. Id. at 627-29. In its decision, however, the Supreme Court made clear that the right to possess firearms belonged to "law-abiding, responsible citizens," id. at 635, and therefore, longstanding prohibitions on felons' ability to possess firearms were appropriate and constitutional, stating:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, ***nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons*** and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

554 U.S. at 626-27 (emphasis added, footnote omitted).

After Heller, a plurality of the Supreme Court "repeat[ed]" its "assurances" that Heller "did not cast doubt on such longstanding regulatory measures" as felon-in-possession bans. McDonald v. City of Chicago, 561 U.S. 742, 786 (2010) (plurality opinion).

In 2010, the Eleventh Circuit considered a Second Amendment challenge to Section 922(g)(1). United States v. Rozier, 598 F.3d 768 (11th Cir. 2010). In Rozier, the Eleventh Circuit relied on Heller's statement about longstanding restrictions on felon firearm possession to affirm the constitutionality of Section 922(g)(1). Id. at 770-71.

4

Subsequently, the Supreme Court in <u>Bruen</u> again addressed gun rights for law-abiding citizens, holding that a New York firearm regulation violated the Second Amendment because it required that the gun owner make a special showing of necessity before he could publicly carry a firearm for self-defense. 142 S. Ct. at 2122. The Court stated that "the standard for applying the Second Amendment" is as follows:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

<u>Id.</u> at 2129-30. The Court ruled that "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." <u>Id.</u> at 2127.

In his Motion to Dismiss, Mr. Rivera argues that in light of <u>Bruen</u>, Section 922(g)(1) should be held unconstitutional because the Government cannot meet its burden of establishing that prohibiting felons from possessing firearms is consistent with this country's historical tradition of firearm regulation. The Government contends that nothing in <u>Bruen</u> changes the law with respect to prohibitions on felons' rights to possess firearms.

As noted above, the Eleventh Circuit has already addressed and rejected the argument that Mr. Rivera raises in this Motion. See Rozier, 598 F.3d at 771. In Rozier, the defendant challenged the constitutionality of Section 922(g)(1), arguing that under the reasoning of Heller, he should be allowed to possess a handgun in his home for self-defense, notwithstanding his status as a felon. Id. at 770. The Eleventh Circuit relied on Heller for the proposition that Second Amendment rights are "not unlimited" and that "the initial question is whether one is *qualified* to possess a firearm." Id. (emphasis in original). Noting that Rozier's Second Amendment right to bear arms was not weighed in the same manner as that of a law-abiding citizen, and that the Heller opinion clearly stated that the Supreme Court did not intend to cast doubt on longstanding prohibitions on the possession of firearms by felons, the Eleventh Circuit held that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." Id. at 771. The Eleventh Circuit concluded that statutory restrictions of firearm possession, such as Section 922(g)(1), "are a constitutional avenue to restrict the Second Amendment right of certain classes of people. Rozier, by virtue of his felony conviction, falls within such a class. Therefore, the fact that Rozier may have possessed the handgun for purposes of self-defense (in his home), is irrelevant." Id.

Thus, the Eleventh Circuit has unequivocally held that Section 922(g)(1) does not violate the Second Amendment. See Rozier, 598 F.3d at 770-71. A prior Eleventh Circuit precedent remains binding in the face of an intervening Supreme Court case unless that case is "clearly on point" and "actually abrogate[s] or directly conflict[s] with, as opposed to merely weaken[ing], the holding of the prior panel." United States v. Kaley, 579 F.3d 1246, 1255 (11th Cir. 2009) (citations omitted). As discussed below, Bruen does not satisfy these criteria, which means that Rozier remains binding law in this Circuit.

The Bruen decision concerned the Second Amendment right of an ordinary law-abiding citizen, and the Court took pains to remind the reader of the difference between a law-abiding citizen and a convicted felon for purposes of the Second Amendment analysis. Throughout his majority opinion, Justice Thomas repeatedly limited his analysis to the right of "law-abiding" citizens. 142 S. Ct. at 2122, 2125, 2131, 2133, 2134, 2138, 2150, 2156.[4] In a footnote, the Court stated that licensing

---

[4] Despite Bruen's unambiguous direction on this point, Mr. Rivera asks the Court to set aside the Supreme Court's statements regarding felons in Heller and McDonald as dicta, and proposes that "Rozier is premised on the aforementioned dicta . . ." (Def.'s Mot. 2.) This argument fails to alleviate Heller and McDonald's repeated definition of the right's scope as applied to law-abiding citizens in particular, which Bruen clearly reaffirms. See United States v. Ingram, No. 0:18-557-MGL-3, 2022 WL 3691350, at *3 (D.S.C. Aug. 25, 2022) ("By distinguishing non-law-abiding citizens from law-abiding ones, the dicta in Heller and McDonald

regimes requiring background checks and/or firearms safety courses were permissible because they "are designed to ensure only that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens.'" Id. at 2138 n.9 (quoting Heller, 554 U.S. at 635). And several Justices went out of their way to make clear that the opinion was not intended to address the Second Amendment rights of felons. In a concurring opinion, Justice Alito stated as follows:

> That is all we decide. Our holding decides nothing about **who may lawfully possess a firearm** or the requirements that must be met to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed anything that we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns.

142 S. Ct. at 2157 (Alito, J., concurring) (emphasis added, citation omitted). Another concurring opinion written by Justice Kavanaugh and joined by Chief Justice Roberts also made clear that Heller did not cast doubt on the longstanding prohibitions on possession of firearms by felons and the mentally ill. 142 S. Ct. at 2162.

---

clarifies the bounds of the plain text of the Second Amendment."); see also United States v. Gibson, No. 2:23-CR-20084-SHL, 2023 WL 8292372, at *5 (W.D. Tenn. Nov. 8, 2023) (rejecting this argument, noting that "not one Justice has ever suggested that felon possession prohibitions are unconstitutional," and that courts in that Circuit "are obligated to follow Supreme Court dicta, particularly when there is no substantial reason for disregarding it") (citations omitted). And, as will be discussed, Rozier remains binding precent in this Circuit in any event.

"As such, *Bruen* provides no basis to second-guess *Heller*'s statements about restricting firearm access for felons, and thus, no reason to second-guess *Rozier*." United States v. Pleasant, No. 1:22-CR-298-JPB-CMS, 2023 WL 7394862, at *3 (N.D. Ga. Oct. 19, 2023) (Salinas, M.J.), R. & R. adopted, 2023 WL 7389005 (N.D. Ga. Nov. 7, 2023) (Boulee, J.).  Other judges in this District concur.  See United States v. Childs, No. 1:22-CR-000327-LMM-LTW, 2023 WL 6892132, at *1 (N.D. Ga. Aug. 18, 2023) (Walker, M.J.) ("*Bruen* is not on point and *Rozier* remains controlling precedent.") (internal quotation marks and citation omitted), R. & R. adopted, 2023 WL 6845830 (N.D. Ga. Oct. 16, 2023) (May, J.); Gordon v. United States, No. 1:22-CV-2949, 2023 WL 336137, at *1 (N.D. Ga. Jan. 20, 2023) (Ross, J.) ("Nothing in *Bruen* . . . indicates that the statute that criminalizes the possession of a firearm by a convicted felon is unconstitutional."); United States v. Williams, No. 1:21-CR-362-LMM-LTW, 2022 WL 17852517, at *2 (N.D. Ga. Dec. 22, 2022) (May, J.) (finding that *Rozier* remained binding precedent after *Bruen* because *Bruen* involved the "Second Amendment rights of 'law-abiding citizens,'" and "[i]t is axiomatic that a felon is not a law-abiding citizen").[5]  *Rozier*, therefore, remains

---

[5] The undersigned notes that, even if *Bruen* had abrogated *Rozier*, the District Judge presiding over this matter, the Honorable William M. Ray II, has rejected the argument that Section 922(g)(1) is unconstitutional.  See United States v. Pennington, No. 1:19-CR-00455-WMR-RDC (N.D. Ga.) (Order of Sept. 7, 2022

9

binding precedent in this Circuit. Because binding Eleventh Circuit precedent requires a conclusion that Section 922(g)(1) does not violate the Second Amendment to the United States Constitution, Mr. Rivera's Motion to Dismiss Count One should be denied.

B.    **Section 922(j)**

As noted above, Count Two charges Mr. Rivera with violating Section 922(j).[6] Defendant cites no case authority in support of his one paragraph argument that this provision is unconstitutional under Bruen. (See Def.'s Mot. 11-12.) This is likely because courts around the county have summarily rejected this argument because it flies in the face of reason and common sense. No one has a Constitutional right to possess anything stolen from someone else. See United States v. Bost, No. 2:21-CR-30-CCW, 2023 WL 7386567, at *3 (W.D. Pa. Nov. 8, 2023) ("the Second Amendment does not protect Mr. Bost's proposed conduct—possession of a stolen firearm."); United States v. Gore, No. 2:23-cr-04, 2023 WL 2141032, at *4 (S.D.

---

[163] 7, stating: "Because the history of America's firearm regulation shows that citizens considered a risk to society can be disarmed, this Court finds that § 922(g)(1)—the felon-dispossession statute at issue—passes constitutional muster.").

[6] As relevant here, Section 922(j) makes it unlawful for any person to possess any stolen firearm which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm was stolen.

Ohio Feb. 21, 2023) ("[T]he Second Amendment guarantees 'the right to keep and bear arms [for] *lawful* purposes,' and this Court can think of no lawful purpose for which a private citizen would knowingly possess a stolen firearm.") (cleaned up); United States v. Lewis, 22-222-WS, 2023 WL 4604563, at *17-18 (S.D. Ala. July 18, 2023) (finding it implausible that the Second Amendment encompasses the right to possess a stolen firearm); United States v. Smith, No. 23-cr-008, 2023 WL 6795807, at *4 (W.D. Pa. Oct. 13, 2023) ("[P]ossession of a [stolen firearm] lies outside of the Second Amendment's right to keep and bear arms."). Therefore, Mr. Rivera's Motion to Dismiss Count Two of the Indictment should be denied.

## II.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Mr. Rivera's Motion to Dismiss Indictment under the Second Amendment [58] be **DENIED**.

**SO RECOMMENDED**, this 25th day of January, 2024.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE