IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL ACTION FILE NO. |
| v. | 4:23-CR-00005-WMR-WEJ |
| JOSE RIVERA, | |
| Defendant. | |

# ORDER

This matter is before this Court on the Magistrate Judge's Non-Final Report and Recommendation ("R&R") [Doc. 61]. The R&R recommends that Defendant Jose Rivera's Motion to Dismiss Indictment Under the Second Amendment [Doc. 58] be denied. [Doc. 61]. Defendant objected to the R&R. [Doc. 181]. After due consideration, this Court **OVERRULES** the Objections [Doc. 181] and **ADOPTS** the R&R's recommendation [Doc. 66]. Accordingly, Defendant's Motion [Doc. 58] is **DENIED**.

**I.    LEGAL STANDARD**

In reviewing a magistrate's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or

1

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). As to the portions of the R&R that are not specified in an objection, the district court need only satisfy itself that there is no clear error on the face of the record. *Butler v. Emory Univ.*, 45 F. Supp. 3d 1374, 1382 (N.D. Ga. 2014). "Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). Plaintiff filed objections to the R&R, so the Court reviews the challenged portions of the R&R de novo.

## II. DISCUSSION

Defendant argues that the federal felon-in-possession statute, 18 U.S.C. § 922(g)(1), and the statute outlawing the knowing possession of a stolen firearm, 18 U.S.C. § 922 (j),[1] violate the Second Amendment in light of the Supreme Court's decision in *New York Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). The Second Amendment provides that "the right of the people to keep and bear Arms shall not be infringed." U.S. Const. amend. II. Said another way, as construed in *District of Columbia v. Heller*, it provides "law-abiding, responsible citizens" with the constitutional right to possess a firearm for lawful purposes. 554 U.S. 570, 635 (2008). In *Bruen*, the Supreme Court held that "[w]hen the Second Amendment's

---

[1] Defendant is indicted with knowingly possessing a firearm as a convicted felon in violation of 18 U.S.C. S 922(g)(1) and knowingly possessing a stolen firearm in violation of 18 U.S.C. § 922(j). [Doc. 1]. The Government alleges that Defendant stole a firearm and then discharged the firearm at a Circle K gas station a few hours later before shooting at a Cartersville Police Sergeant. [Doc. 52 at 7]. Defendant has a prior felony conviction for aggravated assault. [Doc. 1].

plain text covers an individual's conduct, the Constitution presumptively protects that conduct." 597 142 S. Ct. at 2129–30. To justify the regulation of conduct protected by the Second Amendment, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126. Only then "may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n.10 (1961)). Because an individual's possession of a firearm falls within the Second Amendment's protections, this Court will review Plaintiff's challenges to each statute under this lens.

### A. 18 U.S.C. § 922(g)(1)

"Like most rights, the right secured by the Second Amendment is not unlimited," and it does "not [provide] a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Heller*, 554 U.S. at 626.  In fact, the Supreme Court specific noted in *Heller* that its opinion should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . ." *Id.* at 626–27; *see also McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (reiterating that the Court "made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill"). Defendant argues that the Court should not consider this statement in *Heller*

3

because it is dicta. But the Eleventh Circuit concluded that this statement was not dicta and relied on it in still-binding precedent while upholding the constitutionality of § 922(g)(1). *United States v. Rozier*, 598 F.3d 768, 770–71 & n.6 (11th Cir. 2010).

Defendant argues that this Court is not bound by *Rozier*'s holding in light of *Bruen*. But a Supreme Court opinion only overrules prior Eleventh Circuit precedent where the opinion is "clearly on point" and "actually abrogate[s] or directly conflict[s] with, as opposed to merely weaken[ing], the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (citations omitted). And the Eleventh Circuit recently decided that "*Bruen* did not abrogate *Rozier*" because "the Supreme Court made it clear in *Heller* that its holding did not cast doubt on felon-in-possession prohibitions and because the Court made clear in *Bruen* that its holding was in keeping with *Heller* . . . ." *United States v. Dubois*, __ F.4th __, No. 22-10829, 2024 U.S. App. LEXIS 5337, *14–15 (11th Cir. 2024); *see also Bruen*, 142 S. Ct. at 2122, 2125, 2131, 2133–34, 2138, 2150, 2156; *id.* at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm . . . [n]or have we disturbed anything we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns."); *id.* at 2162 (Kavanaugh, J., concurring) (citing *McDonald*'s statement that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the

4

possession of firearms by felons"). Accordingly, *Rozier* remains binding on this Court, and § 922(g)(1) is therefore constitutional under the Second Amendment.

### B. 18 U.S.C. § 922(j)

Defendant also challenges § 922(j), which prohibits the possession of a stolen firearm. The government must "demonstrate[e] that the [statute] is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2130–31. Such reasoning "will often involve reasoning by analogy" and requires only that the government identify "a well-established and representative historical *analogue*, not a historical twin. So even if a modern-day regulation is not a dead ringer for historical precursors, it still may be analogous enough to pass constitutional muster." *Id.* at 2133 (emphasis in original).

Defendant fails to cite any authority supporting his theory that § 922(j) violates the Second Amendment, and the Court has not found any decisions within the Eleventh Circuit addressing its constitutionality. However, the Fifth Circuit found it to be constitutional prior to *Bruen* by comparing it to other portions of the federal firearm statute which have historically prohibited convicted felons and individuals who are subject to a restraining order from possessing a firearm, § 922(g)(1) and (g)(8). *See United States v. Luna*, 165 F.3d 316 (5th Cir. 1999). Additionally, other district courts have found § 922(j) to be constitutional in light of *Bruen*. *See United States v. Bost*, No. 2:21-CR-30, 2023 WL 7386567, at *3

(W.D. Pa. Nov. 8, 2023); *United States v. Gore*, No. 2:23-CR-04, 2023 WL 2141032, at *5 (S.D. Ohio Feb. 21, 2023); *United States v. Isaac*, No. SA-22-CR-0037-XR, 2023 WL 2467886, *2 (W.D. Texas Mar. 9, 2023). Just as those courts did, this Court concludes that the "law-abiding" qualifier used in both *Heller* and *Bruen* coupled with the clarification in *Heller* that the opinion did not "cast doubt" on the prohibitions of felons possessing firearms supports a finding that § 922(j) is constitutional. *See* 554 U.S. at 635; 142 S. Ct. at 2134.

It is unlawful to knowingly receive or possess stolen property in Georgia. *See* O.C.G.A. § 16-8-7. Thus, anyone who knowingly possesses a stolen firearm is not a "law-abiding" citizen. Because the Second Amendment only protects responsible, "law-abiding" citizens' right to possess firearms, and it is clear that § 922(j) does not prohibit a law-abiding person from possessing any firearm, § 922(j) does not conflict with the Second Amendment. Additionally, the statute is consistent with the Nation's historical tradition of firearm regulation regarding the categories of individuals who may not possess firearms. In fact, the Court notes that Congress initially enacted the legislation containing the possession of stolen firearms provision out of a concern for widespread traffic in stolen or untraceable firearms moving in or otherwise affecting interstate or foreign commerce. *See Luna*, 165 F.3d at 321 & n.20 (citing the Omnibus Crime Control and Safe Streets

Act of 1968, Pub. L. No. 90–351, § 901(a)(1) (1968)). Accordingly, § 922(j) is constitutional under the Second Amendment.

## IV. CONCLUSION

After considering the R&R, Defendant's Objections [Doc. 66] are **OVERRULED**. Thus, the Court hereby receives the R&R [Doc. 61] with approval and adopts its recommendation as the opinion and order of the Court. Accordingly, Defendant's Motion to Dismiss Indictment Under the Second Amendment [Doc. 58] is **DENIED**.

SO ORDERED, this 12th day of March, 2024.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE